**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Dwayne Lawson, | No. CV-24-00641-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| American Airlines, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Rodney Dwayne Lawson's Motion for Leave to File Amended Complaint (Doc. 26, Motion), to which Defendant American Airlines filed a Response (Doc. 27, Response). Plaintiff did not file a Reply. The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants Plaintiff's Motion.

**I.    Background**

Plaintiff initiated this action on March 25, 2024, against Defendant and a handful of Defendant's senior employees. (*See* Doc. 1, Complaint.) The Complaint asserted claims of workplace discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Defendant filed a motion to dismiss Plaintiff's Complaint (Doc. 13), which the Court granted in part and denied in part. The Court (1) dismissed the claims against the individual employees with prejudice, (2) dismissed the discrimination claim against Defendant without prejudice, and (3) did not dismiss the retaliation claim against Defendant. (*See* Doc. 25.) Consistent with the nonprejudicial dismissal of the discrimination claim, the

Court afforded Plaintiff an opportunity to attempt to revive his discrimination claim by pleading additional facts. "However, the Court warn[ed] Plaintiff to ensure any amended complaint refrains from conclusory factual allegations and descriptions of intended discovery questions, and to prepare the document according to the formatting parameters required by [Federal Rule of Civil Procedure 10]." (Doc. 25.) In the instant Motion, Plaintiff seeks leave to amend his pleading, but he expressly disavows any intent to revive his discrimination claim. (*See* Motion at 2.) Instead, the proposed First Amended Complaint, attached as an exhibit to the Motion, appears to be a mere paraphrasing of the retaliation claim from his original pleading. It is therefore unclear what Plaintiff seeks to accomplish by way of the instant Motion and its attached pleading.

Although Defendant "does not oppose [Plaintiff's] request for leave to file an amended complaint in order to try and cure the deficiencies in his Complaint," Defendant does object to the specific amendatory pleading proffered by Plaintiff on the basis that it is "incoherent, confusing, and disorganized" and that it fails to comport with Rules 8(a) and 10(b). (Response at 1.)

## II.     Legal Standards

Rule 8(a) mandates that, for each claim asserted in a complaint, the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d) further instructs that "[e]ach allegation must be simple, concise, and direct. No technical form is required." That requirement is not a veiled invitation to engage in legalese or other esoterica. It is a straightforward command to litigants to formulate their pleadings in as simple, as direct, and as concise a manner as is reasonably practicable. The purpose of Rule 8 is to give defendants fair notice of the what the claims against them consist of and upon what grounds such claims rest. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). When a party fails to abide by Rule 8(a), the opposing party may file a motion for a more definite statement under Rule 12(e). Defendant, in its prior filing, did indeed move for a more definite statement, (*see* Doc. 13 at 10–12), and Defendant's Response to the instant Motion constitutes a motion for a more

definite statement in all but name. A party may move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Although such motions are disfavored, the decision whether to require a more definite statement rests within the discretion of the district court. *Underwood v. O'Reilly Auto Parts, Inc.*, 671 F. Supp. 3d 1180, 1187 (D. Nev. 2023). Related to Rule 8, and in facilitation thereof, Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

### III. Discussion

Defendant's primary objection to Plaintiff's proposed pleading is that it is confusing and fails to provide Defendant adequate notice regarding what the claim against it consists of. To be sure, Plaintiff's proposed First Amended Complaint is quite vague. It consists of only a single page of substantive allegations, half of which take the form of references to another document. The proposed pleading asserts that "[t]he adverse employment action(s) above is referred to in the charge of Retaliation" and "[t]he reason(s) above is referred to in the charge of Retaliation." (Motion at 6.) However, Plaintiff does not attach this "charge of retaliation" as an exhibit, nor does he direct the reader to where such document might be found. The Court assumes that the charge referenced by Plaintiff is the charge of discrimination that he filed with the EEOC, which Defendant provided as an exhibit to its prior motion to dismiss. (*See* Doc. 13-1.) This charge is itself extremely sparse on details, consisting entirely of the following allegations:

> I began working for the above employer in or around November 2011 as a Flight Attendant.
> In or around January 2023, I initiated a complaint expressing my dissatisfaction with the recruiting and hiring process.
> In or around January 2023 I had an argument with a Gate Agent.
> In or around January 2023, I attended a meeting to discuss the situation that occurred with the Gate Agent.
> In or around January 2023, I opposed being present for a follow up meeting and as a result I was terminated in or around April 2023.

>I believe I have been discriminated against because of my sexual orientation, straight and discharged in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 13-1 at 1.) Plaintiff buttresses the incorporated allegations of his administrative charge with an assertion that Defendant "stands accused of Retaliation against the Plaintiff—using deceptive, evil and false misconduct charges of 'verbal interaction' with a gate agent in Phoenix, AZ and Plaintiff's alleged refusal to participate in a second 'investigation'—resulting in Termination within the applicable administrative limitations period." (Motion at 6.) Plaintiff also alleges that Defendant retaliated against Plaintiff for his internal reporting of certain wrongs committed by Defendant's employees, including incompetency, inefficiency, theft, abuse of DEI policies, and discrimination against heterosexual men. (Motion at 6.) These allegations, although lacking in specificity and inartfully presented, are sufficient to pass muster under Rule 8. Plaintiff's claim, reduced to its essence, is an assertion that he was wrongfully penalized by Defendant for certain reporting activities and that his altercation with a gate agent was mere pretext for his termination.

Although the primary thrust of Plaintiff's proposed complaint comports with the dictates of Rule 8, the pleading is nevertheless defective in an ancillary regard. This infirmity, however, is not fatal. The proposed pleading makes ambiguous reference to a federal whistleblower statute, stating that the "adverse employment action(s) above is . . . comparable to the adverse employment action(s) in the complaint of a federal whistleblower." (Motion at 6; *see also* Motion at 2 (reiterating that "Plaintiff's complaint of Retaliation is comparable to the complaint of a federal whistleblower").) Plaintiff cites to the "Whistleblower Protection Act of 1989, 5 U.S.C. 2302 (b) (8)-(9)." It is not clear what Plaintiff seeks to convey with his invocation of the whistleblower laws. Defendant expresses uncertainty as to whether Plaintiff's citation to a federal whistleblower statute constitutes an independent claim. (Response at 4–6.) Upon a close reading of the proposed pleading, however, it is clear that Plaintiff's reference to the Whistleblower Protection Act is not a claim against Defendant. According to the proposed pleading's own terms, the

- 4 -

1  citation to the whistleblower statute is merely comparative. It cannot be fairly read as a
2  claim unto itself. Moreover, the Court previously ordered Plaintiff to comply with
3  Rule 10(b), which requires that all claims be separately delineated in numbered paragraphs.
4  That Plaintiff chose not to state a whistleblower claim in a clearly demarcated manner
5  demonstrates that his invocation of the whistleblower laws does not constitute an
6  independent claim against Defendant.

7  Similarly, Defendant questions whether the proposed pleading's reference to federal
8  discrimination law amounts to a claim. (Response at 4–6.) Again, however, a close reading
9  of the proposed pleading reveals that such language does not constitute an independent
10 claim. Plaintiff expressly foreswears a discrimination claim against Defendant. (Motion
11 at 2.) In light thereof, it is clear that Plaintiff's reference to "discriminatory hiring
12 practices" is not a claim unto itself but is instead the factual predicate that underlies
13 Plaintiff's internal reporting for which he was allegedly retaliated against. (*See* Motion
14 at 6.) Thus, the proposed pleading's description of discrimination against heterosexual men
15 is a fact supporting Plaintiff's retaliation claim, not a distinct claim in itself.

16 The Court will grant Plaintiff's Motion.[1] Although the proposed pleading is by no
17 means a paragon of clarity, it is clear from a close reading thereof that it asserts only the
18 retaliation claim that already survived dismissal. Accordingly, discovery will be limited in
19 scope to Plaintiff's retaliation claim.

20 . . .
21 . . .
22 . . .
23 . . .
24 . . .

---

[1] Defendant argues that the Motion should be denied because Plaintiff's proposed pleading does not conform with Rule 10(b). Although it is true that Plaintiff has again violated Rule 10(b), and thereby violated a Court order in the process, the Court does not perceive such violation to be a basis of denial. The substantive portion of Plaintiff's proposed pleading spans only a single page, so the harm engendered by the absence of numbered paragraphs is minimal. It would be a waste of resources to deny the Motion on this basis alone. Nevertheless, the Court warns Plaintiff that further violations of the Court's rules or orders will incur sanction.

1
2
3
4
5
6
7
8
...
28

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Leave to File Amended Complaint (Doc. 26). Plaintiff shall have fourteen (14) days within which to file and serve his First Amended Complaint as required under LRCiv 15.1(a).

Dated this 30th day of January, 2025.

_____
Honorable John J. Tuchi
United States District Judge